KAZEROUNI LAW GROUP, APC
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Nicholas R. Barthel, Esq. (319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Victor M. Sanchez, III

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR M. SANCHEZ, III,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. BANK NATIONAL ASSOCIATION,**<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:<br><br>I. FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;<br><br>II. ROSENTHAL FAIR DEBT COLLECTION PRACTICES, CAL. CIV. CODE § 1788, ET SEQ.; AND,<br><br>III. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.<br><br>**JURY TRIAL DEMANDED** |

| Case # | *Sanchez, III v. U.S. Bank National Association* |
|---|---|
| **COMPLAINT** | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

///
///
///
///

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. VICTOR M. SANCHEZ, III ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of U.S. BANK NATIONAL ASSOCIATION ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt owed by a third party from Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (ii) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); and, (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the City of Trabuco Canyon, County of Orange, State of California, from whom various debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

15. Defendant is a company operating from the State of Delaware.

16. Defendant is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant in the ordinary course of business, regularly, on behalf of itself or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

18. Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

19. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

20. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff is an individual residing within the State of California.

22. Sometime prior to 2018, Plaintiff's father, Victor Sanchez, Jr. ("Jr."), incurred financial obligations to Defendant for Jr.'s personal credit card.

23. At no point was Plaintiff associated with Jr.'s credit card.
24. At no point did Plaintiff agree to be responsible for Jr.'s credit card.
25. At some point, Jr. became delinquent on Jr.'s personal obligations owed to Defendant.
26. Thereafter, Defendant engaged in collection activity against Plaintiff by reporting Plaintiff's alleged debt to the Credit Bureaus as an outstanding obligation.
27. Plaintiff discovered that Defendant was reporting Jr.'s debt to Plaintiff's credit report in early 2018.
28. In response to said collection activity, Plaintiff disputed the reporting of Jr.'s debt to Plaintiff's credit report on several occasions.
29. Said disputes include multiple messages sent to Defendant in writing as well as in person disputes at Defendant's local branch.
30. Moreover, Plaintiff also disputed Defendant's tradeline discussed herein pursuant to 15 U.S.C. § 1681i(a) by written communication sent to the Credit Bureaus.
31. Said dispute informed Defendant that Plaintiff was not responsible for Jr.'s debt and that said debt should not be reported to Plaintiff's credit report. Attached to the dispute was a copy of Plaintiff's driver's license.
32. Upon information and belief, the Credit Bureaus timely notified Defendant of Plaintiff's dispute.
33. Defendant was required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).
34. In March 2018, Plaintiff received notification from the Credit Bureaus that Defendant and the Credit Bureaus received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

35. Despite receipt of this information, Defendant continued collection activity with regard to Jr.'s debt from Plaintiff.
36. Jr.'s credit card is being erroneously reported to Plaintiff's credit report as Plaintiff's individual responsibility.
37. Said debt is being reported as a "charge off" with $1,459.00 past due.
38. Defendant is also reporting that Jr.'s account will remain on Plaintiff's credit report until February 2024.
39. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).
40. Defendant's investigation was unreasonable.
41. More specifically, Defendant should have discovered from Defendant's own records, including Plaintiff's formal dispute, that the information Defendant was reporting was inaccurate and materially misleading because it suggested that Plaintiff was responsible for Jr.'s debt.
42. Accordingly, Defendant failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.
43. Defendant failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
44. Due to Defendant's failure to reasonably investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
45. By inaccurately reporting account information after notice and confirmation of its errors, Defendant failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

46. Through this conduct, Defendant has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should known was inaccurate.

47. Despite Plaintiff's tireless efforts to correct Defendant's erroneous and negative reporting, Defendant continued to report Jr.'s information on Plaintiff's account, thus making Plaintiff's dispute with the Credit Bureaus fruitless.

48. Defendant's continued inaccurate and negative reporting of Jr.'s account information to Plaintiff's credit report, in light of Defendant knowledge of the actual error, was willful.

49. Defendant's continued inaccurate and negative reporting of Jr.'s account to Plaintiff's credit report, in light of Defendant knowledge of the actual error, was reckless.

50. Defendant's failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information.

51. Accordingly, Defendant willfully and negligently failed to comply with Defendant's duties to reasonably investigate Plaintiff's dispute.

52. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

53. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports.

54. However, said goods and/or services were denied to Plaintiff due in part to Defendant's tradeline on Plaintiff's credit reports.

55. Specifically, Plaintiff received two adverse action letters from Bank of America.

56. Therein, Bank of America informed Plaintiff that Bank of America was unable to approve Plaintiff's application for a Home Equity Line of Credit due, in part,

to Defendant's inaccurate reporting.

57. Moreover, the credit limit on Plaintiff's Lowe's credit card was reduced due, in part, to Defendant's inaccurate credit reporting.

58. Said tradeline has affected Plaintiff negatively due to the reporting of multiple delinquencies and has negatively impacted Plaintiff's debt to income ratio which has lowered Plaintiff's credit score.

59. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

60. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

61. Through this conduct, Defendant violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

62. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

//
//
//

63. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

64. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

65. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety.

66. Despite this knowledge, Defendant continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

67. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

68. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

//
//
//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

CAUSES OF ACTION CLAIMED BY PLAINTIFF

VIOLATION OF THE FAIR CREDIT REPORTING ACT

15 U.S.C. §§ 1681-1681x (FCRA)

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

71. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

72. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

COUNT II

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

75. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages

for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant except the Credit Bureaus.

### COUNT III
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.1, ET SEQ.

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

78. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

79. Because Defendant is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

80. Since Defendant received all documents required to determine the fraudulent nature of Plaintiff's alleged debts, Defendant should have known that the accounts at issue did not belong to Plaintiff.

81. Defendant also should have determined that Jr.'s account did not belong to Plaintiff through review of Defendant's own account notes and records.

//

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant individually;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant individually;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendant;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendant;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief the Court deems just and proper.

TRIAL BY JURY

82. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 26, 2018                                Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Abbas Kazerounian___
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF