**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Nicholas R. Barthel, Esq. (319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Victor M. Sanchez, III

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South,  Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR M. SANCHEZ, III,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. BANK NATIONAL ASSOCIATION,**<br><br>Defendant. | **Case No**.: CV 18-500 JLS (KSx)<br><br>**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>**DATE:**    June 28, 2019<br>**TIME:**    10:30 a.m.<br>**COURT:**  10A<br><br>**HON. JOSEPHINE L. STATON** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff VICTOR M. SANCHEZ, III ("Plaintiff") submits this Separate Statement of Uncontroverted Facts and Conclusions of Law, together with references to supporting evidence, pursuant to Chamber Rule VI and Local Rule 56-1, in support of Plaintiff's Motion for Summary Judgment, or alternatively, Partial Summary Judgment against Defendant U.S. BANK NATIONAL ASSOCIATION ("Defendant").

| PLAINTIFF'S UNDISPUTED MATERIAL FACTS: | SUPPORTING EVIDENCE: |
|---|---|
| 1. On August 23, 2015, Victor M. Sanchez, II, Plaintiff's father ("Father") submitted an online application for a line of credit with U.S. Bank. | Exhibit 1 to Declaration of Matthew Loker ("Loker Decl."), (Bates USB_SANCHEZ000347-351 (Initial Online Application). <br><br> Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000010) (Recovery Management System Account Notes) <br><br> Exhibit 3 to Loker Decl., (Bates VMS_000722) (Call between Sanchez, II and U.S. Bank). <br><br> Declaration of Victor M. Sanchez, III, ("Sanchez, III Decl., ¶¶ 6-11). |
| 2. The initial application was opened with the email SANCHVM@gmail.com. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 3. The initial application lists a telephone number ending in "8221". | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). |
| 4. The initial application lists a 1963 date of birth. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). |
| 5. The initial application lists a Pointe Drive address as the mailing address. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). |
| 6. The initial application utilized an Arizona Driver's License. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). |
| 7. The initial application lists an occupation of Project Manager. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). |
| 8. SANCHVM@***** is an email for Father. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). Exhibit 27 to Sanchez, III Decl., (Deposition of Victor M. Sanchez, III ("Sanchez, III Depo."), 65:11-12; 84:22-25). Sanchez, III Decl., ¶ 12. |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

| | |
|---|---|
| 9. The "8221" telephone number provided on the initial application is Father's telephone number. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 85:3-6). Sanchez, III Decl., ¶ 13. |
| 10. The 1963 date of birth on the initial application is Father's date of birth. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 84:13-21). Sanchez, III Decl., ¶ 14-15. |
| 11. Plaintiff was born in 1983. | Sanchez, III Decl., ¶ 16. |
| 12. The Pointe Drive, La Brea, CA address in the initial application is Father's address. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 85:18-25). Sanchez, III Decl., ¶ 17. |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 13. Plaintiff never lived at the Pointe Drive address. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 85:18-25). Sanchez, III Decl., ¶ 18. |
| 14. Plaintiff has never had an Arizona driver's license. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 171:12-14.) Sanchez, III Decl., ¶ 19-20. |
| 15. Plaintiff believes Father has an Arizona driver's license. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 85:12-16.) Sanchez, III Decl., ¶ 19. |
| 16. Project Manager at TRS was Father's occupation. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 85:7-11.) Sanchez, III Decl., ¶ 21. |
| 17. The last four digits of the social security number used to open the account are "8586". | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

| | |
|---|---|
| 18. The last four digits of Plaintiff's social Security number is "8586". | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 84:8-12.) |
| 19. Father believes that he did not place Plaintiff's social security number on the account. | Exhibit 3 to Loker Decl., (Bates VMS_000722) (Call between Sanchez, II and U.S. Bank). Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 31: 13-21; 87:25-88:1.) Sanchez, III Decl., ¶ 22. |
| 20. The application was approved. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application)) |
| 21. Father was given an account at U.S. Bank ending in "8521" ("Account"). | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347-8 (Initial Application)) |
| 22. The checks on the Account reflect the address, Pointe Drive, Brea, CA | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ00520) |
| 23. Father cashed checks into the account under his name, "Victor Sanchez, Jr." | Exhibit 4 to Loker Decl., (Bates USB_SANCHEZ000526, 530, 532, 538, 539 & 541) (Imaged Checks from the U.S. Bank Account). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 24. Father's name "Victor Sanchez, Jr." is on a deposit slip. | Exhibit 4 to Loker Decl., (Bates USB_SANCHEZ000540) (Imaged Deposit Slip). |
| 25. Father's business is "Electrical Systems Testing." | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 104:8-15)<br><br>Sanchez, III Decl., ¶ 23. |
| 26. Several Checks in the account were from Father's business to Father. | Exhibit 4 to Loker Decl., (Bates USB_SANCHEZ000547, 549, 551, 557, 559, 561, 567) (Checks from Electrical Systems Testing). |
| 27. One of the checks deposited into the Account was written by Keith and Suzanne K. Malsberger. | Exhibit 4 to Loker Decl. (USB_SANCHEZ000555). |
| 28. Plaintiff does not know Keith or Suzanne Malsberger. | Sanchez, III Decl., ¶¶ 30; and, 32. |
| 29. Plaintiff has never received payment from Keith or Suzanne Malsberger. | Sanchez, III Decl., ¶¶ 31 and, 33. |
| 30. Two of the checks deposited into the Account was from Liberty Mutual. | Exhibit 4 to Loker Decl. (USB_SANCHEZ000563; and, 565). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 31. Plaintiff has never done business with Liberty Mutual. | Sanchez, III Decl., ¶ 35 |
| 32. Plaintiff has never received payment from Liberty Mutual. | Sanchez, III Decl., ¶ 36 |
| 33. Multiple checks were deposited from Turbine Repair Services, LLC ("TRS"). | Exhibit 4 to Loker Decl., (Bates USB_SANCHEZ000522, 524, 526, 528, 530, 532, 538, 539 & 541) (Imaged Checks from the U.S. Bank Account). |
| 34. Many of the TRS checks were made payable to Father noting that Father's generation code is Jr. | Exhibit 4 to Loker Decl., (Bates USB_SANCHEZ000526, 530, 532, 538, 539 & 541) (Imaged Checks from the U.S. Bank Account). |
| 35. Plaintiff also works for TRS. | Sanchez III Decl., ¶ 41 |
| 36. Plaintiff has never deposited a check from TRS made payable to Victor M. Sanchez Jr. | Sanchez III Decl., ¶ 42 |
| 37. All of Plaintiff's paychecks from TRS reflect Plaintiff's generation code of III. | Sanchez III Decl., ¶ 43<br><br>Exhibit 34 to Sanchez, III Decl., TRS Paycheck, VMS 000735 |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 38. Plaintiff's name "Victor Sanchez, III" is not on any checks that were deposited into the account. | Exhibit 4 to Loker Decl., (Bates USB_SANCHEZ0000515-67 (Imaged Checks)). |
| 39. A check was cashed into the account from V&M Wholesale, Inc., with a memo line of "Ford Raptor." | Exhibit 4 to Loker Decl., (Bates USB_SANCHEZ000535) (Imaged Check). |
| 40. Father owned a Ford Raptor, which he sold. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 103:12-23.) Sanchez, III Decl., ¶ 24. |
| 41. Plaintiff never drove or used the Ford Raptor. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 103:12-23.) Sanchez, III Decl., ¶ 24. |
| 42. Plaintiff has never done business with V & M Auto Wholesale, Inc. | Sanchez, III Decl., ¶ 26. |
| 43. Father lived at a Huntington Beach address. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 98:18-99:1.) Sanchez, III Decl., ¶ 27. |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 44. Plaintiff never lived at this Huntington Beach address. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 116:21-117:1.)<br><br>Sanchez, III Decl., ¶ 28. |
| 45. The statements on the account were mailed to Huntington Beach address and Pointe Drive, La Brea address. | Exhibit 23 to Loker Decl., (Bates USB_Sanchez000353 & 429) (U.S. Bank billing statements). |
| 46. Plaintiff's mother's maiden name is Dorame. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 110:5-12.)<br><br>Exhibit 28 to Sanchez, III Decl., (VMS000740).<br><br>Sanchez, III Decl., ¶ 38. |
| 47. Father's mother's maiden name is Workman | Exhibit 28 to Sanchez, III Decl., (VMS000740-41).<br><br>Sanchez, III Decl., ¶ 39. |
| 48. Workman is the answer to the security question of "What is your mother's maiden name?" on the Account. | Exhibit 28 to Sanchez, III Decl., (VMS000740-41).<br><br>Sanchez, III Decl., ¶ 40. |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 49. Father deposited check on December 17, 2015 at 10:18 a.m. | Exhibit 4 to Loker Decl., (Bates USB_SANCHEZ000523) (Deposit slip for check deposited on December 17, 2017). |
| 50. On December 17, 2015 at 3:09 p.m., the birthdate on the account was changed from 1963 to Plaintiff's 1983 date. | Exhibit 5 to Loker Decl., (Bates USB_SANCHEZ000591-592) (Fusion Notes). |
| 51. US Bank does not have a policy requiring an individual have a form of identification containing the birthdate that this individual wants to modify on the account. | Exhibit 17 to Loker Decl., (Deposition of Aaron Nagato ("Nagato Depo."), 16:1-14; 46:19-25). |
| 52. No more payments were made on the account after March 21, 2017, which had an outstanding balance of $1,165.95 at that time. | Exhibit 23 to Loker Decl., (Bates USB_Sanchez000353 & 429) (U.S. Bank billing statements). |
| 53. Sometime prior to September 2017, Plaintiff received a call from US Bank attempting to collect on the account. | Sanchez, III Decl., ¶¶ 44-45. |
| 54. Plaintiff has never had a personal US Bank Account. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 157:11-14.)<br><br>Exhibit 28 to Sanchez, III Decl., (VMS000748).<br><br>Sanchez, III Decl., ¶¶ 46-47. |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 55. Father's information has been put on Plaintiff's credit report in the past. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 180:23-181:12)<br><br>Exhibit 28 to Sanchez, III Decl., (VMS000742).<br><br>Sanchez, III Decl., ¶ 49. |
| 56. Plaintiff went into a U.S. Bank Branch in Lake Forrest. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 33:12-34:3).<br><br>Exhibit 28 to Sanchez, III Decl., (VMS000739-740, 743).<br><br>Sanchez, III Decl., ¶ 51. |
| 57. Plaintiff informed management at this branch that he did not open the account, and that the account did not belong to him. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 37:16-38:4)<br><br>Exhibit 28 to Sanchez, III Decl., (VMS000741).<br><br>Sanchez, III Decl., ¶ 51. |
| 58. Plaintiff was told that since he was claiming the account was not his and that the address did not match, the bank could not share information on the account with Mr. Sanchez. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 174:3-23).<br><br>Sanchez, III Decl., ¶ 51. |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 59. Management said that they would investigate and get back to Plaintiff. However, Plaintiff never received a follow up call from this bank branch. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 33:12-34:3).<br><br>Exhibit 28 to Sanchez, III Decl., (VMS000745).<br><br>Sanchez, III Decl., ¶ 52. |
| 60. U.S. Bank never performed an investigation on this direct dispute relating to the Account. | Exhibit 6 to Loker Decl., (Deposition of Lisa Paulson ("Paulson Depo."), 67:3-14). |
| 61. On September 7, 2017, Plaintiff submitted a written dispute to Trans Union, through their online dispute service. | Exhibit 29 to Sanchez, III Decl., (Trans Union's dispute response (VMS000021). |
| 62. Within this dispute Plaintiff stated that, "This account is not mine. I believe it belongs to my Father Victor M Sanchez, Jr." | Exhibit 7 to Loker Decl., (Kundert's ACDV response (USB_SANCHEZ000333)). |
| 63. US Bank received, investigated, and verified this dispute from Trans Union; and in the process of verifying, the generation code was deleted from Victor M. Sanchez, III because Kundert did not believe it was relevant. | Exhibit 7 to Loker Decl., (Kundert's ACDV response (USB_SANCHEZ000333)).<br><br>Exhibit 18 to Loker Decl., (Deposition of Chris Kundert ("Kundert Depo."), 35:13-20; 43:23-44:9). |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 64. On September 15, 2017, US Bank received a dispute from Equifax, which stated that the account was "not his". Crystal Kriz investigated and verified this dispute from Equifax. | Exhibit 8 to Loker Decl., (Arellano ACDV response (USB_SANCHEZ000324-25). |
| 65. On September 27, 2017, US Bank called the "8221" telephone number. | Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000013) (Recovery Management System Account Notes) |
| 66. Father answered this call. | Exhibit 3 to Loker Decl., (Bates VMS_000721) (Call between Sanchez, II and US Bank). Sanchez, III Decl., ¶ 54. |
| 67. Father told US Bank that the account did not belong to Plaintiff, but instead belonged to himself. Also, he states that there must be something in their system that is "messed up." | Exhibit 3 to Loker Decl., (Bates VMS_000722 (Transcript of Call between Sanchez, II and US Bank). Sanchez, III Decl., ¶ 54. |
| 68. US Bank representative responds, "Well, that certainly is possible. Unfortunately, over the phone when I get a mismatch . . . I can't go any further in this matter." | Exhibit 3 to Loker Decl., (Bates VMS_000722 (Transcript of Call between Sanchez, II and US Bank). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT DI
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 69. On November 27, 2017, Plaintiff called into US Bank after he received a voicemail from US Bank. | Exhibit 28 to Sanchez, III Decl., (VMS000737). |
| 70. On this call, Plaintiff again disputes owning the account. | Exhibit 28 to Sanchez, III Decl., (VMS000738). |
| 71. US Bank representative believes that since the social security number matches, the account belongs to Plaintiff. | Exhibit 28 to Sanchez, III Decl., (VMS000739-40). |
| 72. The maiden name associated with the Account belongs to Father's mother, not Plaintiff's mother. | Exhibit 28 to Sanchez, III Decl., (VMS000740-41). |
| 73. Soon after Plaintiff denies that the account belongs to him, US Bank representative asks how Plaintiff is going to pay off the account. | Exhibit 28 to Sanchez, III Decl., (VMS000748-49). |
| 74. Due to this call, Plaintiff's number becomes the primary number associated with the Account. | Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000012) (Recovery Management System Account Notes)<br><br>Exhibit 9 to Loker Decl., (Deposition of Joseph Kemp ("Kemp Depo."), 46:25-47:17) |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 75. Plaintiff never received a follow up call regarding the dispute made in this telephone call. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 111:13-16). |
| 76. On November 30, 2017, the Account was charged off. | Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000012) (Recovery Management System Account Notes) |
| 77. US Bank published the Account as belonging to Plaintiff. | Exhibit 11 to Loker Decl., (US Bank's Supplemental Responses to Plaintiff's Requests for Admission ("USB's Sup. RFA Resp."), Set One, No. 6)<br><br>Exhibit 36-39 to Sanchez, III Decl., ¶¶ 78-81. |
| 78. On February 15, 2018, Plaintiff submitted a written dispute to Equifax, Trans Union, and Experian. Each dispute included a copy of his social security card and driver's license in each of these disputes. Plaintiff also explicitly states in the dispute that the Huntington Beach address is not a former address of his, and that the Account belongs to his Father. | Exhibit 30-32 to Sanchez, III Decl., ¶¶ 72-74 (VMS000176-9; 251-53; 30-33) (Plaintiff's Dispute Letter to Credit Reporting Agency). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 79. Data Analysts Danella Thurman and Chris Kundert reviewed Plaintiff's dispute letter during their investigations. | Exhibit 19 to Loker Decl., (Deposition of Danella Thurman ("Thurman Depo."), 31:23-32:1-9).<br><br>Exhibit 18 to Loker Decl., (Kundert Depo., 34:6-15). |
| 80. On March 8, 2018, Chris Kundert verified the Account as belonging to Plaintiff to Equifax. In the process of verifying, Kundert deleted the generational code from Sanchez, III because he believed it was not relevant. | Exhibit 10 to Loker Decl., (Bates USB_SANCHEZ000167-69, (Kundert's ACDV)).<br><br>Exhibit 11 to Loker Decl., (USB's Sup. RFA Resp., Set One, Nos. 49 & 50)<br><br>Exhibit 18 to Loker Decl., (Kundert Depo., 35:13-20; 43:23-44:9). |
| 81. On March 14, 2018, Equifax responded to Plaintiff's February 15, 2018 dispute by deleting the Account. | Exhibit 33 to Sanchez, III Decl., (Equifax Response) |
| 82. On March 8, 2018, Danella Thurman verified the Account as belonging to Plaintiff to Experian. In the process she deleted the generation code "III" because it did not match US Bank's records. | Exhibit 12 to Loker Decl., (Bates USB_SANCHEZ000244-47 (Thurman Experian ACDV)).<br><br>Exhibit 11 to Loker Decl., (USB's Sup. RFA Resp., Set One, Nos. 48 & 50)<br><br>Exhibit 19 to Loker Decl., (Thurman Depo., 42:23-43:3) |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 83. On March 9, 2018, Danella Thurman verified the Account as belonging to Plaintiff to Trans Union. In the process she deleted the generation code "III" because it did not match US Bank's records. | Exhibit 12 to Loker Decl., (Bates USB_ SANCHEZ000244-47) (Thurman Experian ACDV).<br><br>Exhibit 11 to Loker Decl., (USB's Sup. RFA Resp., Set One, Nos. 47 & 50)<br><br>Exhibit 19 to Loker Decl., (Thurman Depo., 42:23-43:3.) |
| 84. On March 1, 2018, US Bank assigned the debt to Monarch Recovery Management to collect on US Bank's behalf. | Exhibit 14 to Loker Decl., (Bates USB_SANCHEZ00005 (Monarch Recovery Management's Account Notes) ("Monarch Account Notes"))<br><br>Exhibit 9 to Loker Decl., (Kemp Depo., 26:3-19).<br><br>Exhibit 6 to Loker Decl., (Paulson Depo., 36:7-9). |
| 85. On March 10, 2018, Monarch called Plaintiff in an attempt to collect a debt. | Exhibit 14 to Loker Decl., (Bates USB_SANCHEZ00005 (Monarch Account Notes).<br><br>Exhibit 15 to Loker Decl., (Bates VMS000728) (Transcript of Call between Sanchez, III and Monarch).<br><br>Sanchez, III Decl., ¶¶ 55-56. |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 86. When asked by Monarch's representative if fraud occurred on this account, Plaintiff responds, "Yeah, because it's not mine." | Exhibit 15 to Loker Decl., (Bates VMS000729) (Transcript of Call between Sanchez, III and Monarch). |
| 87. After Plaintiff stated that the Account was not his, Monarch stated that it would place the account in fraud status and that US Bank would send Plaintiff a fraud packet. | Exhibit 15 to Loker Decl., (Bates VMS000729) (Transcript of Call between Sanchez, III and Monarch).<br><br>Exhibit 14 to Loker Decl., (Bates USB_SANCHEZ00005 (Monarch Account Notes)).<br><br>Sanchez, III Decl., ¶ 58. |
| 88. Monarch placed Plaintiff's account in fraud status. | Exhibit 16 to Loker Decl., (Deposition of Diane Mazzacano, Monarch Representative ("Mazzacano Depo."), 21:10-20) |
| 89. Monarch sent an email and electronically sent a fraud status code to US Bank to notify them that Plaintiff was claiming that the account was fraudulently opened. | Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000010) (Recovery Management System Account Notes)<br><br>Exhibit 16 to Loker Decl., (Mazzacano Depo., 21:10-20; 34:14-18; 47:11-19) |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 90. Monarch representative told Plaintiff on the call that US Bank would send a fraud packet to Plaintiff. | Exhibit 15 to Loker Decl., (Bates VMS000729) (Transcript of Call between Sanchez, III and Monarch).<br><br>Sanchez, III Decl., ¶ 58. |
| 91. US Bank did not send Plaintiff any packet, nor investigate this dispute. | Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000010) (Recovery Management System Account Notes).<br><br>Decl. of Sanchez, III ¶ 59. |
| 92. US Bank is a furnisher of information as defined under 15 U.S.C. § 1681s-2. | Exhibit 11 to Loker Decl., (USB's Sup. RFA Resp., Set One, No. 1) |
| 93. US Bank investigated after receiving Plaintiff's disputes from the Trans Union, Experian, and Equifax. | Exhibit 11 to Loker Decl., (USB's Sup. RFA Resp., Set One, Nos. 18-29). |
| 94. The signature on the checks that were deposited into the Account were Father's signature. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 105:1-3).<br><br>Sanchez, III Decl., ¶ 60. |
| 95. Plaintiff had never made withdrawals on the account and never accessed the line of credit. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 97:13-19).<br><br>Sanchez, III Decl., ¶ 62. |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 96. An address on one of the statements on the Account was an Olive Place, Brea address. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 97:24-98:6). |
| 97. Plaintiff does not recognize that address. | Exhibit 27 to Sanchez, III Decl., (Sanchez, III Depo., 97:24-98:6). Sanchez, III Decl., ¶ 63. |
| 98. Thurman verified the Huntington Beach address as being Plaintiff's address since Plaintiff's DOB and SSN were listed on the account. | Exhibit 18 to Loker Decl., (Thurman Depo., 62:9-15.) |
| 99. Kundert did nothing to verify whether the disputed Huntington Beach address actually belonged to Plaintiff before verifying it as accurate. | Exhibit 19 to Loker Decl., (Kundert Depo., 34:24-35:5). |
| 100.   Kundert would verify a debt as belonging to a person disputing, even if the birthdate of the individual did not match what was in the initial application. | Exhibit 19 to Loker Decl., (Kundert Depo., 39:11-40:2). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 101.   Kriz would verify an account, even if the date of birth of the individual disputing did not match the date of birth that was on the initial application used to open the account. | Exhibit 20 to Loker Decl., (Deposition of Crystal Kriz, ("Kriz Depo."), 39:8-10). |
| 102.   US Bank provided Monarch with the definition and qualifications of what fraud is. | Exhibit 16 to Loker Decl., (Mazzacano Depo., 20:3-7) |
| 103.   Specific words like "I didn't open this account" or "this isn't my account" is the definition for fraud. | Exhibit 16 to Loker Decl., (Mazzacano Depo., 20:24-21:4) |
| 104.   US Bank's data analysts do not access records outside of US Bank's internal records and systems. | Exhibit 6 to Loker Decl., (Paulson Depo., 30:1-16).<br><br>Exhibit 19 to Loker Decl., (Kundert Depo., 35:6-9). |
| 105.   Kundert only examines US Bank's internal documents when investigating a dispute. | Exhibit 19 to Loker Decl., (Kundert Depo., 16:13-17:1). |
| 106.   Thurman only examines US Bank's internal documents when investigating a dispute. | Exhibit 18 to Loker Decl., (Thurman Depo., 77:3-20.) |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 107.   Kriz only examines US Bank's internal documents when investigating a dispute. | Exhibit 20 to Loker Decl., (Kriz Depo., 29:13-22). |
| 108.   US Bank's policies define a reasonable investigation as one that "reviews all information received with the dispute, along with applicable systems and bank documentation for any information relevant to the dispute." | Exhibit 21 to Loker Decl., (Bates USB_SANCHEZ000667 & 697) (US Bank's policies and procedures). |
| 109.   In a dispute where consumer states that the account does not belong to him or her, the dispute analyst should review the account on a system of record, the customer profile they are able to locate for this customer and the account in question and any notations on that account that may relate to the disputed items and any other documentation they may find relevant. | Exhibit 6 to Loker Decl., (Paulson Depo., 55:8-13). |
| 110.   Kundert would have looked at the Account's notes in investigating Plaintiff's dispute. | Exhibit 19 to Loker Decl., (Kundert Depo., 41:18-24). |
| 111.   Thurman would have looked at the Account's notes in investigating Plaintiff's dispute. | Exhibit 18 to Loker Decl., (Thurman Depo., 88:16-89:5.) |

PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 112.   The Account's Recovery Management System notes state that a man called in claiming he was Victor Sanchez at 8221 telephone number; states his social security number and he gave a different full social security number so it appeared we had the wrong Victor Sanchez. He said his son with same name did not have an account with US Bank and removed the phones. | Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000013) (Recovery Management System Account Notes)<br><br>Exhibit 9 to Loker Decl., (Kemp Depo., 42:12-43:2). |
| 113.   The Account's Recovery Management System notes state that Plaintiff called in and claimed the account belonged to Father, not Plaintiff. | Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000012-13) (Recovery Management System Account Notes)<br><br>Exhibit 28 to Sanchez, III Decl., (VMS000739-40). |
| 114.   Thurman did not listen to any call recordings or have anyone else listen to any call records. | Exhibit 18 to Loker Decl.,  (Thurman Depo., 139:19-23; 141:6-8; 146:14-19.) |
| 115.   Kundert did not listen to any call recordings or have anyone else listen to any call records. | Exhibit 19 to Loker Decl., (Kundert Depo., 72:14-73:13). |
| 116.   If Thurman had heard the recordings, she would have sought further investigation or advise from leadership before verifying it. | Exhibit 18 to Loker Decl.,  (Thurman Depo., 140:17-24.) |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 117.   If Kundert had heard the recordings, he would not have verified, but instead found that it belonged to Father. | Exhibit 19 to Loker Decl., (Kundert Depo., 72:14-19). |
| 118.   Initial contract is relevant in examining disputes like Plaintiff's dispute. | Exhibit 18 to Loker Decl.,  (Thurman Depo., 100:11-25.)<br><br>Exhibit 20 to Loker Decl., (Kriz Depo. 31:22-32:4).<br><br>Exhibit 19 to Loker Decl., (Kundert Depo., 32:16-23). |
| 119.   Majority of the time there is no contract in a line of credit account. | Exhibit 18 to Loker Decl., (Thurman Depo., 116:5-8.) |
| 120.   Initial online application has the name, SSN, DOB, and address of the consumer. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). |
| 121.   The dispute analysts did not review the initial online application. | Exhibit 18 to Loker Decl.,  (Thurman Depo., 122:10-14.)<br><br>Exhibit 20 to Loker Decl., (Kriz Depo. 45:9-12).<br><br>Exhibit 19 to Loker Decl., (Kundert Depo., 65:3-11). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 122.   If the dispute analysts had seen the initial online application, they would have investigated further instead of verifying. | Exhibit 18 to Loker Decl.,  (Thurman Depo., 123:3-11.)<br><br>Exhibit 20 to Loker Decl., (Kriz Depo. 45:9-17). |
| 123.   Every month, US Bank receives approximately 700 direct disputes, and between 2,500 to 3,000 indirect disputes. | Exhibit 6 to Loker Decl., (Paulson Depo., 14:17-15:3). |
| 124.   A dispute analyst could receive as many as one hundred disputes in a single day. | Exhibit 18 to Loker Decl.,  (Thurman Depo., 13:23-14:4.) |
| 125.   A dispute analyst typically would complete 30-40 disputes in a day. | Exhibit 20 to Loker Decl., (Kriz Depo., 13:5-19; 20:6-15).<br><br>Exhibit 19 to Loker Decl., (Kundert Depo., 15:12-15). |
| 126.   A typically a dispute is started and finished in the same day. | Exhibit 20 to Loker Decl., (Kriz Depo., 58:7-20). |
| 127.   Deborah Arellano was submitting ACDVs. | Exhibit 20 to Loker Decl., (Kriz Depo., 42:3-20).<br><br>Exhibit 22 to Loker Decl., (Deposition of Deborah Arellano, ("Arellano Depo."), 16:1-11; 17:13-17).<br><br>Exhibit 8 to Loker Decl., (Arellano ACDV response (USB_SANCHEZ000324-25). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 128.   Arellano has no training on how to investigate or complete an ACDV. | Exhibit 22 to Loker Decl., (Arellano Depo., 22:21-23:12; 24:3-8). |
| 129.   Arellano does not know how to read an ACDV. | Exhibit 22 to Loker Decl., (Arellano Depo., 17:13-17). |
| 130.   Arellano is unfamiliar with the ACDV process. | Exhibit 22 to Loker Decl., (Arellano Depo., 16:17-25; 22:21-23:12; 24:3-8). |
| 131.   Arellano did not believe that a reasonable investigation has anything to do with submitting an ACDV. | Exhibit 22 to Loker Decl., (Arellano Depo., 24:3-8). |
| 132.   Each ACDV states that, "By submitting this ACDV, you certify that you have reviewed and considered all associated Images, you have verified the accuracy of the data in compliance with all legal requirements, and your computer and/or manual records will be adjusted to reflect any changes noted." | Exhibit 8 to Loker Decl., (Arellano ACDV response (USB_SANCHEZ000325). |
| 133.   Arellano had not reviewed a single document or piece of information regarding the dispute. | Exhibit 22 to Loker Decl., (Arellano Depo., 21:22-22:2). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 134.   Arellano was a part of the investigation into Plaintiff's dispute. | Exhibit 6 to Loker Decl., (Paulson Depo., 69:22-23). |
| 135.   Paulson testified that Arellano was a dispute analyst. | Exhibit 6 to Loker Decl., (Paulson Depo., 69:13-17). |
| 136.   US Bank published the Account as belonging to Plaintiff to Equifax, Experian, and Trans Union. | Exhibit 11 to Loker Decl., (USB's Sup. RFA Resp., Set One, Nos. 3-6, 35-38). |
| 137.   US Bank is a collector of consumer debts. | Exhibit 11 to Loker Decl., (USB's Sup. RFA Resp., Set One, No. 58). |
| 138.   The Account was a Line of Credit for an individual. | Exhibit 1 to Loker Decl., (Bates USB_SANCHEZ000347 (Initial Application). |
| 139.   Plaintiff received calls from US Bank in an attempt to collect the Account. | Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000010-18) (Recovery Management System Account Notes demonstrating calls to Plaintiff's "5894" telephone number). |
| 140.   US Bank received the disputes from credit reporting agencies on March 8, 2018. | Exhibit 12 to Loker Decl., (Bates USB_ SANCHEZ000246 (Thurman Experian ACDV, states on top left that ACDV was received on March 8, 2018)). |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| | Exhibit 2 to Loker Decl., (Bates USB_SANCHEZ000010) (Recovery Management System Account Notes) |
| 141.   Plaintiff received a collection call on March 9, 2018 at 3:15 p.m. from Monarch Recovery. | Exhibit 14 to Loker Decl., (Bates USB_SANCHEZ00005 ("Monarch Account Notes") |
| 142.   Dispute analysts do not have access to imaged checks on the account. | Exhibit 19 to Loker Decl., (Kundert Depo., 17:2-4)

Exhibit 6 to Loker Decl., (Paulson Depo., 17:17-19) |
| 143.   Dispute analysts do not have access to call recordings. | Exhibit 19 to Loker Decl., (Kundert Depo., 33:14-20; 88:8-10) |
| 144.   If a dispute analyst did ask for call recordings, it would cause a controversy, and often times result in management saying, "That's not something you need to worry about." | Exhibit 20 to Loker Decl., (Kriz Depo., 49:5-17). |
| 145.   Kriz testified that if a consumer's dispute did not match the substance of US Bank's account notes, "[w]e would just simply report back what is listed in [US Bank's account notes]. | Exhibit 20 to Loker Decl., (Kriz Depo., 29:3-22) |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 146.   Kundert testified that "the basic function of the ACDV, is to simply validate that our information on our end matches the information provided by the bureaus." | Exhibit 19 to Loker Decl., (Kundert Depo., 84:16-19). |
| 147.   When asked what to do when an address in the dispute does not match the address in US Bank's records, Thurman stated, "I would just put the address that we have on file." | Exhibit 18 to Loker Decl., (Thurman Depo., 61:12-15). |
| 148.   Plaintiff is a natural person. | Sanchez, III Decl., ¶ 2. |
| 149.   Although US Bank will flag a telephone number as suspicious when an individual incorrectly answers security questions, US Bank will still call this number for collection purposes. | Exhibit 17 to Loker Decl., (Nagato Depo., 37:7-25) |
| 150.   Plaintiff's clear statement that the account does not belong to him is insufficient to be a claim of fraud because, "I believe it just said [the Account] didn't belong to him. But it didn't say fraud or fraudulent." | Exhibit 20 to Loker Decl., (Kriz Depo., 74:3-21) |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 151.   When a consumer, similar to Plaintiff, is complaining of a file not belonging to him, the account would be sent to the fraud investigator. | Exhibit 9 to Loker Decl., (Kemp Depo., 32:14-18). |
| 152.   Even after Thurman reviewed the account notes, she did not see anything that would lead her to investigate any phone calls. | Exhibit 19 to Loker Decl., (Thurman Depo., 138:22-139:23.) |
| 153.   The information being reported to the Credit Bureaus in this scenario comes from US Bank's Hogan system of records, and US Bank's Dispute Analysts simply "report back what is listed in Hogan." | Exhibit 20 to Loker Decl., (Kriz Depo., 29:3-22) |
| 154.   Kriz testified that she would hope that call recordings like the ones in this case would absolve her of the debt if it was her dispute. | Exhibit 20 to Loker Decl., (Kriz Depo., 55:25-56:3) |
| 155.   Kriz also explained that "[i]f this was [her] dispute, [Kriz] would be really mad and wouldn't be able to understand why this can't be fixed and be resolved and be done and over with." | Exhibit 20 to Loker Decl., (Kriz Depo., 56:16-18) |
| 156.   Thurman believes that pulling the online application is "not part of our procedures." | Exhibit 19 to Loker Decl., (Thurman Depo., 28:8-29:12). |
| 157.   At one point, US Bank provided Target gift cards to those employees that handled the most disputes. | Exhibit 20 to Loker Decl., (Kriz Depo., 16:6-10) |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| 158.   The number of disputes handled by each dispute analyst was publicly displaced for all dispute analysts to see with the "top producers" being recognized as "stars." | Exhibit 20 to Loker Decl., (Kriz Depo., 17:15-24) |
| 159.   This public display resulted in embarrassment for those who reviewed fewer disputes. | Exhibit 20 to Loker Decl., (Kriz Depo., 18:13-19:6) |
| 160.   The "bottom producers" even had their names written on the board in red. | Exhibit 20 to Loker Decl., (Kriz Depo., 19:18-20) |
| 161.   Kriz testified that US Bank was constantly pushing for more and more disputes to be completed. | Exhibit 20 to Loker Decl., (Kriz Depo., 19:23-20:3) |
| 162.   Kriz quit because of the stress of the trying to investigate more disputes than time in the day. | Exhibit 20 to Loker Decl., (Kriz Depo., 13:5-10) |
| 163.   Kriz agreed that simple communications to a consumer via e-mail or telephone could quickly resolve various discrepancies. | Exhibit 20 to Loker Decl., (Kriz Depo., 45:2-15; 46:19-47:15) |
| 164.   If Kriz was a consumer disputing inaccurate information, Kriz would want the Dispute Analyst to take these steps; however, such actions were not authorized by U.S. Bank's policies since U.S. Bank simply wanted to "push production." | Exhibit 20 to Loker Decl., (Kriz Depo., 47:19-22) |
| 165.   Monarch called Plaintiff's "5894" cellular telephone number on March 5, 2018. | Exhibit 14 to Loker Decl., (Bates USB_SANCHEZ00005 (Monarch Account Notes)<br><br>Exhibit 16 to Loker Decl., (Mazzacano Depo., 29:1-12) |

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

| | |
|---|---|
| 166.    Monarch called Plaintiff's "5894" cellular telephone number on March 6, 2018. | Exhibit 14 to Loker Decl., (Bates USB_SANCHEZ00005 (Monarch Account Notes)<br><br>Exhibit 16 to Loker Decl., (Mazzacano Depo., 31:7-15) |
| 167.    Monarch called Plaintiff's "5894" cellular telephone number on March 8, 2018. | Exhibit 14 to Loker Decl., (Bates USB_SANCHEZ00006 (Monarch Account Notes)<br><br>Exhibit 16 to Loker Decl., (Mazzacano Depo., 31: 16-22) |

Dated: May 23, 2019

Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: /s/ *Matthew M. Loker*
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

**PLAINTIFF VICTOR M. SANCHEZ, III'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626